UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00560-JHM

JEFF HUANG                                                             PLAINTIFF

v.

PRESBYTERIAN CHURCH (U.S.A),                      DEFENDANTS
a Corporation, et al.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss by defendant Presbyterian Church (U.S.A.), a Corporation (hereinafter "the Church") (DN 8), as well as a motion to transfer venue, or to alternatively dismiss the complaint, by defendants University of Pikeville (hereinafter "the University"), Gerald Laurich, Boyd R. Buser, James Hurley, Burton Webb, and Paul E. Patton (collectively "the University defendants"). (DN 10.) Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

According to the amended complaint, plaintiff Jeff Huang was a student at the Kentucky College of Osteopathic Medicine, which is a part of the University. (Pl.'s Amend. Compl. [DN 6] ¶¶ 5, 15.) The amended complaint details numerous events that allegedly occurred throughout the course of Huang's academic career at the University. Briefly, he alleges that the University defendants (1) improperly disclosed his personal academic information to other students (*id.* ¶¶ 15–17), (2) made racially insensitive remarks regarding his appearance (*id.* ¶¶ 18–22), (3) improperly delegated certain tasks and functions to a newly-created "Student Ethics Council" (*id.* ¶¶ 23–26), (4) required him to enter the classroom through a different entrance on account of his race (*id.* ¶¶ 27–29), (5) misquoted one of his Facebook posts that led to him being charged by

the Student Ethics Council for making statements unbecoming of a future doctor (*id.* ¶¶ 30–38), (6) failed to provide him sufficient notice of what materials would be emphasized on an exam, which led to his dismissal from school due to his low score on the exam (*id.* ¶¶ 39-47), (7) cancelled his passing board exam score because of his dismissal (*id.* ¶¶ 48–49), and (8) discriminated against him on the basis of his race by permitting underachieving white students to remain enrolled or transfer to other schools but denying him and other Asian students the same opportunities. (*Id.* ¶¶ 50–55.)

Huang's amended complaint contains thirteen counts, making various federal and state-law claims. (*Id.* ¶¶ 59–97.) He asserts these claims against the University, various administrators and employees of the University, and the Church, which he alleges "is affiliated" with the University. (*Id.* ¶ 6.) The Church has moved to dismiss all claims against it. (DN 8.) The University defendants have also moved to transfer venue from the Western District of Kentucky to the Eastern District of Kentucky at Pikeville, and they have asked in the alternative that certain claims against them be dismissed. (DN 10.)

## II. STANDARD OF REVIEW

The general civil venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1391(c), a person resides in the judicial district where he or she is domiciled, and an entity resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in

question." If an action has been brought in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Thompson v. Greenwood*, 507 F.3d 416, 420 (6th Cir. 2007). However, even if venue is appropriate, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses. 28 U.S.C. § 1404(a).

### III. DISCUSSION

The Court begins with the motion to transfer venue by the University defendants. Because "[v]enue is determined at the commencement of an action," the Court must consider the residency of all the named defendants, even though all defendants argue that the Church should be dismissed from the action. *Ameli-Tehrani v. Whiteman*, 2010 WL 743515, at *2 (E.D. Mich. Feb. 26, 2010) (quotations and citations omitted). However, even considering the residency of the Church, venue is inappropriate in this District under 28 U.S.C. § 1391(b) by Huang's own admission. Huang's amended complaint states that venue is appropriate in the Western District of Kentucky because the Church's principal place of business is located there. (Pl.'s Amend. Compl. [DN 6] ¶ 6.) This would make the Western District an appropriate venue under § 1391(b)(1), so long as all other defendants are residents of Kentucky. However, the amended complaint is silent as to the residence of three defendants: Hurley, Webb, and Patton. (*Id.* ¶¶ 9–11.) And in his response to the motion to transfer venue, Huang notes that "Defendant James Hurley at present has no affiliation what[so]ever with the Defendant University . . . but is the President of Tusculum University in Tusculum, Tennessee, where he resides[.]" (Pl.'s Resp. [DN 12] at 10.) He also attaches two exhibits to this motion: a press release from the University announcing the resignation of Hurley as president of the University (DN 12-1), and a press

release from Tusculum University announcing Hurley as the president of that institution on August 27, 2017. (DN 12-2.) Thus, by Huang's own admission, all of the defendants were not residents of Kentucky at the commencement of this action on September 14, 2017. As such, venue here is not appropriate under § 1391(b)(1).

Neither is venue appropriate in the Western District under § 1391(b)(2). The amended complaint alleges no activity that actually took place in the Western District of Kentucky.[1] Thus, it cannot be said that "a substantial part of the events or omissions giving rise to the claim[s] occurred" in the Western District of Kentucky.

Finally, the Western district is not an appropriate venue under § 1391(b)(3), as there is a different venue that is appropriate under § 1391(b)(2): the Eastern District of Kentucky. Based on the allegations in the complaint, almost all of the incidents that gave rise to Huang's claims occurred in the Eastern District of Kentucky; specifically, they occurred on or around the University of Pikeville campus. For example, multiple incidents that form the basis of Huang's claims are alleged to have occurred in classrooms on the University's campus. (*See* Pl.'s Amend. Compl. [DN 6] ¶¶ 18–22, 27–29.) Other incidents involve the actions of administrators or other students that plausibly would have occurred on or near the University's campus. (*See id.* ¶¶ 15–17, 23–26, 30–55.) Thus, the Court concludes that the Eastern District of Kentucky would be an appropriate venue under § 1391(b)(2). As such, the Western District of Kentucky is not an appropriate venue under § 1391(b)(3).

---

[1] While the complaint is silent on this matter, Huang's response argues that he took his board exam in Louisville. (Pl.'s Resp. [DN 12] at 10–11.) Even if this is true, this fact is not so "substantial" as to make venue appropriate in the Western District of Kentucky. *See Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) ("The requirement of 'substantiality' is to prevent the unfairness of a defendant being haled into a remote district *having no real relationship to the dispute*") (emphasis added) (quotations and citations omitted). While Huang may have taken an exam in Louisville, his claims related to the exam are borne out of the University defendants' alleged conduct in response to his taking the exam, which occurred in Pikeville.

The only remaining issue is whether the action should be dismissed or transferred to the Eastern District of Kentucky. 28 U.S.C. § 1406(a) states that, when venue is inappropriate, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court finds that the interests of justice would be best served by transferring the case to the Eastern District of Kentucky, as venue is clearly appropriate in that district. *Accord Wood v. Dunn*, 2010 WL 3259746, at *3 (W.D. Ky. Aug. 17, 2010) (transferring case from inappropriate venue to appropriate one, rather than dismissing it, in the interest of justice). Therefore, the Court will transfer the case and allow the motions to dismiss to be decided by the District Court of the Eastern District of Kentucky.

### IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to transfer venue (DN 10) is **GRANTED**. The case is **TRANSFERRED** to the United States District Court of the Eastern District of Kentucky pursuant to 28 U.S.C. § 1406(a).

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

January 31, 2018

cc: counsel of record